UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARTURO SOLORZANO MUNOZ,<br><br>Defendant. | Case No. 22-cv-07696-JD<br><br>**ORDER RE DEFAULT JUDGMENT** |

Plaintiffs, the Boards of Trustees (the Board) for various trust funds under an employee benefit plan, sued defendant Arturo Solorzano Munoz dba Solorzano Landscape Construction (Solorzano), for breach of a collective bargaining agreement and to compel an audit under section 502 of Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132. *See* Dkt. No. 1. Although Solorzano was personally served with the summons and complaint, Dkt. No. 11 at 2, he never appeared in the case or otherwise communicated with the Court, and the Clerk entered default. Dkt. No. 17. The Board asks for a default judgment requiring Solorzano to submit to the audit and awarding the Board its reasonable attorney's fees and costs. Dkt. No. 20.

**I.    DEFAULT JUDGMENT**

Under Rule 55(b)(2) of the Federal Rules of Civil Procedure, a party may apply to the Court for entry of judgment by default. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Court may consider the following factors in deciding whether to grant the motion:

> (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute

>concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### A. *Eitel* Factors

#### 1. Merits of the Claim and Sufficiency of Complaint

The second and third *Eitel* factors -- the merits of the claim and the sufficiency of the complaint -- are generally considered together because after the entry of default, well-pleaded factual allegations in the complaint are taken as true, except as to the amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The allegations in the complaint are sufficient to prevail on a claim under Section 1132 of ERISA. ERISA authorizes a fiduciary to bring a civil action to "enforce … the terms of the plan," 29 U.S.C. § 1132(a)(3), and the Trustees are fiduciaries of the asserted Trust Funds. *See* Dkt. No. 20-4, §§ 13(C) & 14(C). Solorzano is required by contract, *see* Dkt. No. 20-7, to submit to a records audit "[u]pon receipt of a written request from the Board." Dkt. No. 20-6 § 7. Solorzano did not submit to an audit despite multiple written requests. Dkt. No. 1 ¶¶ 14-15; Dkt. No. 20-1 ¶¶ 23-25; Dkt. Nos. 20-11 & 20-12. Consequently, Solorzano is in breach of the terms of the benefit plan.

#### 2. Remaining *Eitel* Factors

The remaining factors also weigh in favor of granting default judgment. The Board will be prejudiced if an audit is not granted because it will be unable to investigate whether Solorzano has fulfilled his obligations to the Trust Funds, and consequently will be left without a remedy for the suspected ERISA violations. *See Bd. of Trs. of the Laborers Health & Welfare Tr. Fund for N. Cal. v. Contractors Chem., Inc.*, No. 14-cv-04159-JD, 2015 WL 4692440, at *2 (N.D. Cal. Aug. 6, 2015). The sum of the money at stake ($5,643.45 in attorney's fees and costs) is relatively small and tailored to the Board's efforts to rectify the violation. *Id.* Because defendant was served with multiple demands and a lawsuit but has not appeared, there is no indication that the default is due to excusable neglect, that the material facts are subject to dispute, or that a decision on the merits will be possible. *Id.* Consequently, default judgment is warranted.

### B.     Plaintiff's Requested Relief

#### 1.  Mandatory Injunctive Relief

The Board has requested a mandatory injunction directing Solorzano to submit to an audit of records for the period of January 2017, through the last completed quarter. Dkt. No. 20 at 17. In particular, it asks to inspect the following records:

> California Quarterly Report of Wages, Form DE-6; Federal Tax Forms W-3/W-2 and 1069/1099; Payroll Registers/Journals; Individual Earnings Records; Source Records, including time cards and time card summaries for all employees; contribution reports for all trust funds; workers' compensation reports; certified payroll reports; personnel records indicating job classifications and hire/termination dates; cash disbursement journal; vendor invoices; copies of subcontract agreements; cash receipts journal; general ledger; job cost records; records of related entities; and any other books and records that may be necessary to complete the auditor's determination or provide additional explanation.

The request is granted because Solorzano agreed to permit inspection of "any information, data, report or documents reasonably relevant to and suitable for the purposes of Plan administration," and to permit an onsite audit of "books, records, papers or reports" that are "necessary to determine whether [Solorzano] is making full and prompt payment of all sums required to be paid by him ... to the Fund." Dkt. No. 20-6. The enumerated employment records are "reasonably relevant" to "Plan administration" and also appear "necessary" to verify Solorzano's compliance with the plan terms. *Id*.

#### 2.  Attorney's Fees and Costs

The Board asks for reasonable attorney's fees and costs. It says that it is entitled to an award under Article IV, Section 3 of the Trust Agreement, which provides: "If any Individual Employer defaults in the making of Contributions or payments and if the Board ... files any suit ... there will be added to the obligation of the Individual Employer who is in default ... reasonable attorney's fees, [and] costs[.]" Dkt. No. 20-5. A fee award under this provision is denied, because the Board has not yet established that Solorzano is in default. The complaint allegation that plaintiffs "are informed and believe that an inspection of Solorzano's books and records will show unpaid" contributions is a far cry from demonstrating an actual delinquency. Dkt. No. 1 ¶ 16.

3

The Board says in the alternative that prevailing plaintiffs in suits to enforce Section 1145 of ERISA are entitled to a mandatory fee award. Dkt. No. 20 at 12 (citing 29 U.S.C. § 1132(g)(2)). But Section 1132(g)(2) is inapposite because it applies to plaintiffs that have prevailed in suits "to enforce section 1145," 29 U.S.C. § 1132(g)(2), which codifies the obligation "to make contributions … under the terms of the plan," 29 U.S.C. § 1145. Again, the Board has not prevailed on a claim for unpaid contributions, so it is not entitled to a mandatory fee award under Section 1132(g)(2). *See Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996) (plaintiff must demonstrate existence of a delinquency and obtain a favorable judgment to obtain a mandatory fee award).

A discretionary fee award under Section 1132(g)(1) is a different matter. *See* Dkt. No. 20 at 16. This subsection provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action" to plaintiffs "[i]n any action under this subchapter" "other than an action described in" Section 1132(g)(2). 29 U.S.C. § 1132(g)(1). *See also Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) ("[A] fees claimant must show some degree of success on the merits before a court may award attorney's fees under § 1132(g)(1).") (internal citation and quotation marks omitted).

There is a presumption in favor of a fee award here. *See United Steelworkers of Am. v. Ret. Income Plan For Hourly-Rated Emps. of ASARCO, Inc.*, 512 F.3d 555, 564 (9th Cir. 2008) ("[A]s a general rule, the prevailing party on an ERISA claim is entitled to attorney's fees, 'unless special circumstances would render such an award unjust.'") (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983))).

Other discretionary factors also favor fee shifting. Our circuit has said that "a district court considering a motion for attorney's fees under ERISA should apply discretion consistent with the purposes of ERISA, those purposes being to protect employee rights and to secure effective access to federal courts." *Nelson v. EG & G Energy Measurements Grp., Inc.*, 37 F.3d 1384, 1392 (9th Cir. 1994) (internal citation and quotation marks omitted). The Board seeks to protect the rights of employees under the Trust Agreement and ERISA.

The *Hummell* factors also weigh in favor of a fee award. *See Hummell v. S. E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980); *Desharnais v. Unum Life Ins. Co. of Am.*, No. 22-15336, 2022 WL 17817954, at *1 (9th Cir. Dec. 20, 2022) (unpublished). Solorzano ignored the Board and refused to honor his contractual obligations, which indicates "culpability or bad faith." *Hummell*, 634 F.2d at 453. Fee shifting is also likely to help "deter" future violations, and the Board is pursuing this litigation to "benefit all participants and beneficiaries of an ERISA plan." *Id*.

Although an award of fees and costs is warranted, the Board has not justified $4,060 in fees. The $1,583.45 in costs are adequately documented and look to be reasonable, *see* Dkt. No. 20-14, but the fee request is not sufficiently supported. To justify the attorney's hourly rate of $350, the Board relies on *Welch v. Metropolitan Life Insurance Company*, 480 F.3d 942 (9th Cir. 2007), in which, it contends, the Ninth Circuit "approved" rates of $300 to $400 hour in ERISA cases. *See* Dkt. No. 20-13 ¶ 4. That is not the holding of *Welch*. In *Welch*, the court held that an attorney "bore her burden of demonstrating that $375 to $400 per hour is in line with the prevailing market rate by submitting two pieces of evidence: (1) rate determinations in other cases litigated by the Kantor & Kantor firm awarding fees at rates between $300 and $375 per hour; and (2) declarations from comparable ERISA lawyers attesting that the market sustains a rate above $400 per hour." *Welch*, 480 F.3d at 947 (citation omitted). The Board has not submitted either type of evidence. *See* Dkt. No. 20-13. In light of that lacuna, the fee request is denied.

## CONCLUSION

The Board may file a supplemental statement in support of its request for attorney's fees and costs by March 29, 2024. The Board will not seek reimbursement for fees incurred while preparing the supplemental statement.

**IT IS SO ORDERED.**

Dated: March 5, 2024

JAMES DONATO
United States District Judge